IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| TREVOR BENJAMIN, | : | No. 4:09-CV-1142 |
| Petitioner | : | |
| | : | Judge John E. Jones III |
| v. | : | |
| | : | |
| JERRY MARTINEZ, | : | |
| Respondent[1] | : | |

## MEMORANDUM AND ORDER

June 16, 2009

Petitioner Trevor Benjamin, an inmate currently incarcerated at the Allenwood Low Security Correctional Institution ("LSCI-Allenwood"), commenced this *pro se* action with the filing of a document entitled Petition for Order to Establish Paternity (Doc. 1). Benjamin has also filed an application to proceed *in forma pauperis* (Doc. 2). Benjamin's petition seeks an order directing LSCI-Allenwood to administer a DNA test which he may use to establish his paternity of the child born to a woman with whom he previously had an intimate relationship.

---

[1] The caption of this action has been corrected to reflect the Court's construction of Benjamin's filing as a petition under 28 U.S.C. § 2241. The only proper respondent in a § 2241 action is the person having custody of the petitioner, *see Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004), in this case, the Warden of LSCI-Allenwood. In addition, this action has been assigned a civil case number. The Clerk of the Court will be directed to correct the caption and case number of this action, and Benjamin should use this caption and case number going forward.

1

This federal court does not have jurisdiction to enter any order regarding the paternity of a child. The domestic relations exception to federal jurisdiction "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). A petition to establish paternity must be filed in state court. However, while Benjamin's filing is labeled a petition to establish paternity, the only relief he seeks is an order directing the prison to conduct a DNA test. The Court will construe this request for relief as a petition under 28 U.S.C. § 2241, directed at the "execution" of Benjamin's sentence.[2]

Benjamin's application to proceed *in forma pauperis* indicates that he currently has $120.00 in his prison account. The certification of LSCI-Allenwood staff attached to the application indicates that Benjamin's inmate account has a current balance of $140.41. Thus, it is evident that Benjamin is able to pay the $5.00 filing fee for a § 2241 petition. By this order, the Court will direct Benjamin to pay the filing fee within 30 days. Failure to do so will result in this action being

---

[2] Benjamin's filing could potentially be construed as a civil action in the nature of mandamus. *See* 28 U.S.C. § 1361; Fed. R. Civ. P. 81(b). However, in light of Benjamin's *pro se* status and the uncertainty regarding the proper procedural form for his filing, the Court will construe his submission as the filing with the lower fee.

dismissed. Once Benjamin has paid the filing fee, the Court will order his petition served on the respondent.[3]

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Petitioner's filing is construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241;

2. The Clerk of the Court is directed to close case number 09-MC-0193 and assign this action a civil case number with the above caption;

3. Petitioner's Application to Proceed in Forma Pauperis (Doc. 2) is DENIED;

4. Within 30 days of the date of this Order, Petitioner shall pay the statutory filing fee in the amount of $5.00, made payable to "Clerk, U.S. District Court"; and

5. Petitioner is forewarned that failure to pay the filing fee as directed will result in this action being dismissed without prejudice.

/s/ John E. Jones III
John E. Jones III
United States District Judge

---

[3] In the meantime, while the Court is without jurisdiction to entertain any petition to establish paternity, we note that many states, including Tennessee, provide for the voluntary acknowledgment of paternity where, as in this case, both the mother and biological father agree. *See* Tenn. Code Ann. § 24-7-113(a); *see also* Tennessee Department of Health, Office of Vital Records, Frequently Asked Questions, available at http://health.state.tn.us/vr/FAQ.htm.